IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KENNETH JOHNSON, | ) | |
| | ) | |
| Petitioner, | ) | 8:05cv475 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | and |
| ROBERT HOUSTON, | ) | PROGRESSION ORDER |
| | ) | |
| Respondent. | ) | |

This matter is before the court on filing no. 7, the respondent's Motion for Summary Judgment; and filing no. 10, the Reply filed by the petitioner, Kenneth Johnson. Also before the court is filing no. 11, the petitioner's Motion inquiring about the status of the case. As a preliminary matter, filing no. 11 is granted, and this Memorandum and Order sets forth the status of this habeas corpus action.

The petitioner alleges violations of his constitutional rights in connection with his conviction on or about October 23, 2002, in the District Court of Lancaster County, Nebraska, of incest for acts committed against his stepdaughter. See State v. Johnson, 670 N.W.2d 802 (Neb. App. 2003), *aff'd*, 695 N.W.2d 165 (Neb. 2005).

The petitioner alleges that his trial was fundamentally unfair from the beginning. First, the original information charging him with incest did not allege that his stepdaughter was a minor, but, over his objection, the trial court allowed the state to amend the information to add the word "minor,"[1] and the court did so without granting the petitioner the 24-hour notice to which he was entitled under state law. Second, after allowing the amendment, the trial court refused to grant a new arraignment and allow the petitioner to file a motion to quash the amended information. Third, the trial court subsequently

---

[1]The issue can be important because, for parents and natural children, there is no age at which sexual relations become lawful, so the victim's age is generally not an issue or defense. However, as to stepchildren or adopted children, some incest statutes prohibit sexual conduct only where such children are below a certain age, in which event an adult stepchild could consent to such a relationship. The original information omitted any reference to minority.

1

overruled the petitioner's motion for a mistrial based on the amendment to the information. Finally, the petitioner also alleges, as he did in the state courts, that Neb. Rev. Stat. § 28-703, the criminal statute under which he was convicted, is unconstitutionally vague on its face in its definition of the offense of stepchild incest.

The respondent moves for summary judgment on the theory that the petitioner has failed to exhaust his state court remedies. I am puzzled by that assertion, as the petitioner's claims were not only exhausted but were exhaustively analyzed by the Nebraska appellate courts in two reported decisions. Failure to "exhaust" a claim means the failure to present the claim to the state appellate courts in the first instance. See O'Sullivan v. Boerckel, 526 U.S. 838, 844, 845 (1999) (Exhaustion requires that a prisoner "fairly present" the substance of each federal constitutional claim to the state courts "by invoking one complete round of the State's established appellate review process" before seeking federal habeas relief.). The petitioner's claims were certainly presented to, and addressed by, the Nebraska appellate courts.

The respondent has apparently confused procedural default with exhaustion. The petitioner procedurally defaulted his claim that Neb. Rev. Stat. § 28-703 is facially unconstitutional. Both the Court of Appeals and the Nebraska Supreme Court refused to render a decision on the petitioner's claim that § 28-703 is unconstitutionally vague because the constitutional issue had not been properly preserved for appeal. The petitioner failed to comply with Neb. Ct. R. Prac. 9E, which requires a party presenting a case involving the constitutionality of a statute to file and serve notice with the Supreme Court Clerk at the time of filing the party's brief and requires the party to serve a copy of the brief on the Nebraska Attorney General within five days thereafter. State v. Johnson, 695 N.W.2d 165, 170-71 (2005).

Failure to preserve a claim for appeal in the state courts constitutes one form of procedural default. "A federal district court is precluded from substantively considering a habeas corpus claim that a state court has disposed of on independent and adequate non-federal grounds, including state procedural grounds." Clemons v. Luebbers, 381 F.3d 744, 750 (8th Cir. 2004). Thus, when a petitioner has failed to follow a state procedural rule for a claim and thereby forfeits the claim in the state courts, procedural default occurs for

purposes of a subsequent federal habeas corpus proceeding.[2]

A procedurally defaulted claim is, however, exhausted. Akins v. Kenney, 410 F.3d 451, 456 n.1 (8th Cir. 2005). In this case, the petitioner presented his claims in each state appellate court, but he failed to comply with a procedural prerequisite for challenging the facial unconstitutionality of a state statute. Therefore, he forfeited review of that challenge in the state appellate courts. The inability to obtain a state-court ruling on a claim because of a procedural default renders that claim "exhausted" for federal habeas corpus purposes, but the procedural default bars federal habeas review unless the petitioner can show cause for and prejudice from the procedural failure, so as to "excuse" the procedural default. Taylor v. Bowersox, 329 F.3d 963, 971 (8th Cir. 2003), cert. denied, 541 U.S. 947 (2004). See also Wemark v. Iowa, 322 F.3d 1018, 1022 (8th Cir. 2003):

> Title 28 U.S.C. § 2254(b) bars the granting of habeas corpus relief "unless it appears that the applicant has exhausted the remedies available in the courts of the State." Because "[t]his requirement ... refers only to remedies still available at the time of the federal petition," it is satisfied "if it is clear that [the habeas petitioner's] claims are now procedurally barred under [state] law." However, the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default.

(Citation omitted.).

Therefore, the respondent's Motion for Summary Judgment is denied, and the parties shall submit briefs in accordance with the Progression Order set forth below.

### Progression Order

Cause and Prejudice to Excuse Procedural Default

The petitioner is entitled to an opportunity to demonstrate cause and prejudice to excuse the procedural default of his claim that Neb. Rev. Stat. § 28-703 is void for vagueness. Akins v. Kenney, 410 F.3d 451, 456 n.1 (8th Cir. 2005). Although the United

---

[2]"For the federal court to enforce a state procedural bar, either the state court must have declined to reach the issue for procedural reasons or it is clear that the state court would hold the claim procedurally barred. The default must have been actually imposed; it is not enough that the state court *could* or *should have* imposed a default." Clemons v. Luebbers, 381 F.3d 744, 750 (8th Cir. 2004) (emphasis in original; citation omitted).

States Supreme Court has "not identified with precision exactly what constitutes 'cause' to excuse a procedural default, [the Court has] acknowledged that in certain circumstances counsel's ineffectiveness in failing properly to preserve the claim for review in state court will suffice .... Not just any deficiency in counsel's performance will do, however; the assistance must have been so ineffective as to violate the Federal Constitution." Edwards v. Carpenter, 529 U.S. 446, 451 (2000). However, a federal habeas court is barred from considering an ineffective-assistance-of-counsel claim as "cause" for the procedural default of another claim when the ineffective-assistance claim has itself been inexcusably procedurally defaulted. Id.

Other than ineffective assistance of counsel, "cause" to excuse a procedural default must be based on an objective impediment external to the defense. See, e.g., Strickler v. Greene, 527 U.S. 263, 283 n. 24 (1999): "[W]e think that the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule. Without attempting an exhaustive catalog of such objective impediments to compliance with a procedural rule, we note that a showing that the factual or legal basis for a claim was not reasonably available to counsel, ... or that 'some interference by officials,' ... made compliance impracticable, would constitute cause under this standard."

Deferential Standard for Review on the Merits

Claims which have been considered on the merits by the Nebraska appellate courts are subject to federal habeas review under the deferential standard required by 28 U.S.C. § 2254(d). The Eighth Circuit Court of Appeals has commented that 28 U.S.C. § 2254(d) leaves a federal habeas court only a "very narrow" scope of review of state-court determinations. Blackwell v. Graves, 349 F.3d 529, 532 (8th Cir. 2003).

28 U.S.C. § 2254(d) states:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the

4

Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

As for 28 U.S.C. § 2254(d)(1), "[t]he Supreme Court has explained the independent meanings of the 'contrary to' and 'unreasonable application' clauses .... A state court decision is 'contrary to' the Supreme Court's clearly established precedent if the state court either 'arrives at a conclusion opposite that reached by [the Supreme] Court on a question of law' or 'decides a case differently than th[e] [Supreme] Court has on a set of materially indistinguishable facts.'... A state court decision is an 'unreasonable application' of Supreme Court precedent if it 'identifies the correct governing legal principle from th[e] [Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'... 'A federal court may not issue the writ simply because it "concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable."'" Bucklew v. Luebbers, 436 F.3d 1010, 1016 (8th Cir. 2006) (citations omitted).

28 U.S.C. § 2254(d)(2) must be read together with 28 U.S.C. § 2254(e)(1), which states:

In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

As explained by the Supreme Court, "[f]actual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary, § 2254(e)(1), and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding, § 2254(d)(2)." Miller-El v. Cockrell, 537 U.S. 322, 324 (2003).

Therefore, as to the claims in this case which were decided on the merits by the Nebraska appellate courts, the issue in this court is whether the Nebraska courts, in

5

adjudicating the merits of each claim, (1) produced a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or (2) based its decision on an unreasonable factual determination in light of the evidence.

IT IS THEREFORE ORDERED:

1. That filing no. 7, the respondent's Motion for Summary Judgment, is denied;

2. That filing no. 11, the petitioner's Motion for Status, is granted, and this Memorandum and Order sets forth the status of this habeas corpus action;

3. That by June 1, 2006, the plaintiff shall file a brief on the issues discussed above, i.e., cause and prejudice to excuse the procedural default of his claim regarding the unconstitutionality of Neb. Rev. Stat. § 28-703 and the merits of his claims;

4. That by July 1, 2006, the respondent shall file a brief in response to the petitioner's brief;

5. That by August 1, 2006, the petitioner may, but is not required to, reply; and

6. That unless the court orders an evidentiary hearing, expansion of the record, or additional briefs, this matter will be deemed submitted at the close of this briefing schedule on the basis of the pleadings, the state court records and the briefs.

April 28, 2006.                    BY THE COURT:

s/ *Richard G. Kopf*
United States District Judge